[Civ. No. 165.  First Appellate District.—March 8, 1906.]

## J. E. KELLER, Respondent, v. GEORGE F. GRAY et al., Appellants.

NEGLIGENCE—TOWING BARGE—EVIDENCE.—On an issue as to whether damage occasioned to a barge while being towed was the result of the negligence of the defendant or of the plaintiff, *held*, upon a review of the evidence, that the damage happened as the result of the negligence of the servants of the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial.  James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, and J. E. Manning, for Appellants.

John S. Partridge, for Respondent.

COOPER, J.—This action was brought to recover of defendants the sum of $525 for services in towing certain barges from defendants' quarries to the waterfront of San Francisco.  Defendants denied that the services were of any greater value than $495, and by way of defense alleged that, by the carelessness and negligence of plaintiff in performing said services, and in towing the said barges, one of the barges was allowed to drift beyond plaintiff's control upon the rocks in the bay of San Francisco, and to become damaged in the sum of $316.12.  The fact that the barge became loose and drifted upon the rocks, and that it was thus damaged in the said sum, was not disputed.  The question was as to whether or not such damage was the result of carelessness or negligence of the plaintiff in performing the services for the defendants.  The trial court found that the barge was not injured by the carelessness or negligence of the plaintiff, but that the injury was due to the carelessness and unskillfulness of defendants' servants.

The only point urged here is that this finding is not supported by the evidence. After a careful examination of the evidence we deem it sufficient to support the finding. The accident appears to have been caused by plaintiff's tug "Annie" picking up and becoming fast in a wire cable, which ran out from defendants' wharf to a buoy some three hundred or four hundred feet. There is testimony to the effect that the master of the plaintiff's tug had been warned by the defendants' watchman not to attempt to go into the wharf on the west side of this bulkhead by reason of the location of the cable. The master of the tug was in the habit of blowing his whistle as he neared the wharf, and the watchman of the defendants would give a signal from a lantern that all was right. The accident occurred about 3:50 A. M. as the tug belonging to plaintiff approached the wharf. The cable had been moved the evening before so as to make it dangerous to enter on the easterly side of the buoy, but the watchman of the defendants was there with the lantern and gave the signal that all was right as usual, and the master of the tug attempted to enter on the easterly side of the buoy as usual, and caught the wire. The defendants discharged the watchman the next day. There is also evidence that when the tug caught the cable the employee of defendants who was on the barge threw the rope off, and that if he had not thus thrown the rope off, the barge would not have been loosened and lost control of by the tug; that the barge would have been safe if the man on the barge had not thrown the rope off.

The judgment and order denying defendants' motion for a new trial are affirmed.

Harrison, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 7, 1906.